FILED
CLERK

2012 DEC 28  AM 10: 19

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

———————————————————— X
JOSEPH WEINFELD,  LIANA          :
KNIJNIKOVA, ISAAC WEISS, ROBERT  :
FRANK, YEHUDAH NUSSBAUM,         :
MOSES STEINMETZ, HANNAH          :
COHEN, CARL ISAAC, ALBERT        :
ISAAC, GERALD B. KATZ,           :
SOLOMON SCHLAFRIG, JOSEF         :
KOHN, JACOB KELLNER, DAVID       :
GOLDSTEIN, MICHAEL FRIEDMAN,     :
DAVID SCHWARTZ, and              :
CONGREGATION BETH  JOSEPH,       :
Derivatively on behalf of PRECIOUS :
MINERALS MINING AND REFINING     :
CORP.,                           :
                                 :
              Plaintiffs,        :
                                 :
        v.                       :
                                 :
BILL L. MINOR, JOHN H.           :
REYNOLDS, and WALTER A.          :
MARTING, Jr.,                    :
                                 :
              Defendants,        :
                                 :
        and                      :
                                 :
PRECIOUS MINERALS MINING AND     :
REFINING CORP., a Nevada Corporation, :
                                 :
              Nominal Defendant. :
———————————————————— X

Case No.:

VERIFIED DERIVATIVE COMPLAINT
FOR BREACH OF FIDUCIARY
DUTIES, WASTE OF CORPORATE
ASSETS, SELF DEALING, UNJUST
ENRICHMENT, USURPATION OF
CORPORATE OPPORTUNITIES,
ABUSE OF CONTROL AND ULTRA
VIRES ACTIONS

CV 12  6395

IRIZARRY, J.

GO, M.J.

By and through their undersigned counsel, Plaintiffs, JOSEPH WEINFELD, *et. al.*

("Plaintiffs")  bring this shareholder derivative action on behalf of PRECIOUS MINERALS

MINING AND REFINING CORPORATION ("PMMR" or the "Corporation") and against

officers and/or directors of the Corporation for breaches of their fiduciary duties, waste of

corporate assets, self dealing, unjust enrichment, usurpation of corporate opportunities, abuse of

1

control, and ultra vires actions.   Plaintiffs make these allegations, and without limitation, upon:
a) personal knowledge; b) review and analysis of certain shareholder communications,
documents and updates provided to Plaintiffs; c) review of websites; and d) discussions with
various shareholders and governmental officials.

## NATURE AND SUMMARY OF THE ACTION

1.      PMMR is a Nevada corporation whose main asset is certain mining rights in Lyon
County, Nevada.  The mine and land are owned by the United States Forest Service ("USFS").
Product mined under permit of the USFS is offered for sale by PMMR under the trade name
Orykta®.  Orykta® can be used as fertilizer, animal feed, for animal husbandry and has
neutraceutical value as well.

2.      PMMR was incorporated in Nevada in 1995 by Defendant, Mr. Minor.

3.      In 1999-2001, Defendant, Bill Minor offered and sold shares in PMMR to investors
throughout the United States and Canada.  In or about August 2001, Defendant, Mr. Minor
organized a meeting in Brooklyn, New York, traveled to, and met with a group of potential
investors for the express purpose of selling shares in PMMR to local investors.

4.      Out of a total of approximately 1200 shareholders in PMMR throughout the United
States, Canada and the Caribbean, approximately 170 shareholders (the largest single group) are
domiciled in the territory covered by this Court's jurisdiction.

5.      Rather than working toward making the Corporation a successful one, the Defendant, Mr.
Minor used the Corporation and the proceeds of the share sales as his own personal piggybank.
According to the Corporation's own communiqués, over a fourteen (14) year period, Mr. Minor

2

managed to sell and ship Orykta® to only one customer in the Central American nation of Costa Rica.

6.      Rather than admitting the true state of affairs of the Corporation whenever specifically asked, Defendant, Mr. Minor, repeatedly lied to various shareholders, on countless occasions over a period of more than a decade, about the Corporation's prospects and offered up lies over and over again in an attempt to bury any scrutiny of his actions and/or lack thereof.

7.      Defendant, Mr. Minor, failed in his basic fiduciary duties to act as a "reasonable person" and repeatedly refused to even listen to sales leads from investors, even threatening some with bodily harm when they suggested potential sales leads for the Corporation's product.

8.      Defendants Minor, Reynolds and Marting consistently failed to provide shareholders with required basic information about the Corporation. Even when specifically asked, Defendant, Mr. Minor failed to provide shareholders with information about the Corporation. In fact, on several occasions, Defendant, Mr. Minor threatened the Corporation's own shareholders with harm should they continue requesting information rightfully theirs.

9.      Since the Corporation's inception in 1995, the Defendants have not produced a single audited financial statement. Not only have Defendants not produced any audited statements but over the past decade Defendants only shared with shareholders one unaudited financial statement, dated the fourth quarter of 2009, when faced with the prospects of a lawsuit by shareholders.

10.     Defendants failed to properly monitor corporate information. On various occasions, Defendants failed to timely file for proper business permits thus jeopardizing the legal status and existence of the Corporation. Defendants also failed to file proper and true tax returns.

11.     Defendants' reckless actions in complying with the limits of the mandate of the Corporation's permissive operations have likewise jeopardized the legal status and future of the Corporation.

12.     Defendants failed in their duties to act to prevent corporate loss.

13.     Defendant Mr. Minor, breached his fiduciary duties by self dealing and transferring corporate assets and title to mine claims into his own name when it suited his needs.

14.     Defendant Mr. Minor, breached his fiduciary duties to the Corporation by usurping corporate opportunities and selling corporate product for his own personal gain.

15.     Defendants repeatedly unjustly enriched themselves at the expense of the Corporation by approving exaggerated compensation packages for themselves and others.

16.     Defendant Mr. Minor abused his control of the Corporation by using and converting corporate funds for his own personal benefit.

17.     Defendants engaged in ultra vires actions by granting large amounts of shares (more than 5% of outstanding shares) and executing material agreements without proper shareholder approval.

18.     Defendants constituted fraud by providing to shareholders, through previous counsel, a fraudulent financial statement for the fourth quarter of 2009.

19.     Defendant Mr. Minor also fraudulently told several shareholders and governmental officials, at various times over a period of many years, that a large contract for the sale of Orykta® has been signed with China or will imminently be signed all the while knowing that not to be true.

20.     Defendant Mr. Minor, fraudulently stated that he legally owns a majority of the shares of the Corporation when he knew that not to be the case.

4

21.     It is because of Defendants' repeated false assurances and rosy predictions that Plaintiffs,

amongst other investors, bought and retained their investments in the Corporation to this day.

22.     As a direct and proximate result of Defendants' specific actions and/or lack thereof,

Plaintiffs' investments no longer have value.  In addition, due to Defendant's direct actions and/or

lack thereof, the Corporation has lost its ability to attract fresh investment and has lost all

credibility in the eyes of potential investors and other sources of funding.  Defendants' proximate

actions caused the Corporation great harm.


## JURISDICTION AND VENUE

23.     This Court has jurisdiction pursuant to 28 U.S.C. §1332, as there is complete diversity

between Plaintiffs and Defendants, and the amount of controversy exceeds $75,000.

24.     This Court has jurisdiction over Defendants as they have sufficient minimum contacts

within this jurisdiction so as to render the exercise of jurisdiction in this Court permissible under

traditional notions of fair play and substantial justice.  This action is not a collusive one to confer

jurisdiction on this Court which it would not otherwise have.

25.     Venue is proper in this Court pursuant to 28 U.S.C. §1391because a substantial portion of

the transactions and wrongs complained herein have occurred within this jurisdiction.

Defendants solicited investors in this jurisdiction; sold shares in this jurisdiction; used funds

from investors drawn on local banks; solicited and used domiciled agents; organized, traveled to

and participated in meetings with investors; met with investors' counsel; and maintained

longstanding and continued contact with domiciled investors; each necessary to perpetuate their

fraud and each occurring within this jurisdiction.

26.     PMMR's Board of Directors ("Board") has not, and will not contemplate or commence any form of litigation against Defendants, let alone vigorously prosecute such claims.

27.     In June of 2008, previous counsel to a group of local investors sent a letter to the Corporation and Defendant Mr. Minor spelling out their concerns about specific wrongdoings and demanding immediate remedial action be taken.  The letter stated that in the event the shortcomings are not addressed, the investors themselves may pursue legal action.  This Demand Letter was met with complete inaction.

28.     As for the Board of the Corporation, at the time of the actions alleged herein, it consisted of Defendants Mr. Minor, Mr. Reynolds and Mr. Marting.  Aside for Defendant Mr. Minor, the largest single shareholder, none of the other board members are/were independent.

29.     Each of these board members are also Defendants in this action and would not bring, nor zealously prosecute, any action against themselves.  Additionally, they are each subject to a conflict of interest and could not properly prosecute any action on their own.

30.     Accordingly, any pre-suit demand upon the PMMR Board is useless and a futile act.


**THE PARTIES**

31.     Plaintiffs are each current shareholders in PMMR and have continuously held their shares throughout the timeframe of the wrongdoings complained herein.  Plaintiffs are all citizens of New York.

32.     Defendant, Bill Minor is currently President of PMMR.  Mr. Minor is the founder of the Corporation and has been an officer, holding various titles, since its founding.  Mr. Minor is a citizen of Pennsylvania.

33.     Defendant, Mr. John Reynolds is a board member of PMMR. Mr. Reynolds is a citizen of California.

34.     Defendant, Mr. Marting, was a board member of PMMR during the time of the complaints alleged herein. Mr. Marting is a citizen of Nevada.

35.     Nominal Defendant PRECIOUS MINERALS MINING AND REFINING CORPORATION is a Nevada corporation with its official office in Pennsylvania.

## SUBSTANTIVE ALLEGATIONS

### FIDUCIARY DUTIES

36.     By reason of their position as officers and directors of PMMR, and because of their ability to control the business and corporate affairs of the Corporation, the Defendants owed, and continue to owe, the Corporation and its owner shareholders, fiduciary obligations of trust, loyalty, good faith and due care, and were, and continue to be, required to use their utmost ability to control and manage the Corporation in a fair, just, honest and equitable manner. Defendants were, and continue to be, required to act at all times in furtherance of the best interests of the Corporation and its owner shareholders so as to benefit all owners equally, not just their own personal interests.

37.     The Defendants were, and continue to be, required to exercise good faith and diligence in the administration of the affairs of the Corporation and in the use and preservation of its property and assets, and the highest degree of fair dealing.

38.     To properly discharge their duties, Defendants were, and are, required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the

7

financial affairs of the Corporation and to ensure that the Corporation complies with its legal obligations and requirements, including acting within the scope of its legal authority and disseminating truthful and accurate statements to its shareholders. The Corporation's tax filings likewise must be based and filed on truthful and accurate financial records.

39.     Because of their position of control and authority, Defendants were, and are, required to conduct the affairs of the Corporation in an efficient, business-like manner so as to make it possible to provide the highest quality of performance of its business, to avoid wasting Corporate assets and to maximize the value of the Corporation, and to ensure that the Corporation was, and is, operated in a diligent, honest and prudent manner in compliance with all applicable laws and regulations.

## BREACHES OF FIDUCIARY DUTIES

40.     Defendants breached their fiduciary duties to the Corporation and owner shareholders by consistently not producing and/or providing financial records as required.

41.     On April 5, 2012, Plaintiff, Hannah Cohen, requested of Mr. Minor by fax and Certified letter to provide her copies of the latest financial records. To this day Mr. Minor has not provided her with the requested information she is entitled to.

42.     On or around March 15, 2012, shareholder Don Christie requested of Defendant, Mr. Minor to provide him with copies of the latest financial records. To this day Mr. Minor has not provided those requested records every shareholder is entitled to.

43.     Over the years, many owner shareholders have requested copies of financial records from Mr. Minor only to be admonished for even asking. Some have even been threatened by Mr.

Minor with bodily harm.  Treating all shareholders, other than himself with disdain, is the direct result of Mr. Minor's treatment of the Corporation as his own personal property.

44.      In fact, for practically the past decade, Plaintiffs, upon investigation and belief, are aware of only one financial statement Defendants made available to shareholders - one dated the fourth quarter of 2009.  This statement was unaudited and only produced by Defendants so as allay the threat of a lawsuit against themselves and the Corporation.

45.      This one financial statement indicates that the Corporation had "zero" sales during the period while showing hundreds of thousands of dollars in administrative and professional expenses enumerating to Defendant/s.

46.      Even this single financial statement provided by Defendants is a fraud and worthless piece of paper.  As a result of unwanted scrutiny on the part of previous counsel to investors, Mr. Minor mailed a "Shareholder Update" to investors on a few occasions.  In 2009 and again in the fourth quarter of 2010, these Updates (essentially a copy of each other) indicated that the Corporation was "continuing" to ship approximately one container of product per month to Costa Rica.  In fact, Defendants seem to have forgotten to take into account these "purported" monthly shipments when they concocted the fraudulent financial statement for the fourth quarter of 2009, which boldly showed that the Corporation had "zero" sales.

47.      Furthermore, upon investigation and belief, there is no indication or evidence to back up Defendants' written and documented boast of "continued monthly" shipments to Costa Rica over a sustained period of time.

48.      In fact, Defendants were in a bind and had to satisfy two contradicting requirements simultaneously: 1) to show zero sales so as not to have to answer as to what happened to Company receivables; and concurrently 2) to show sales activity so as to silence those starting to

ask pointed questions. The 4Q 2009 statement showed zero sales while the Shareholder's Updates boasted of "continued" sales. Defendants tried to continue fooling everyone by producing the aforementioned two contradicting documents.

49.     Defendants, Mr. Minor and Reynolds, ignored their fiduciary duties and failed to call a shareholder meeting in 2012. In fact, over the past decade, Defendants only arranged shareholder meetings from 2008-2011 after intense scrutiny and complaints from shareholders and the threats of a lawsuit.

50.     Defendant, Mr. Minor further failed in his fiduciary Duty of Care by failing to act as any "reasonable person" would with regard to sales leads. On several occasions, Mr. Minor refused to listen to sales leads provided by various people and even threatened some with bodily harm for having the gall to advise him of such potential leads.

51.     Defendants further failed in their fiduciary Duties to properly inquire and monitor corporate information. Defendants improperly failed to register with the U.S. Securities & Exchange Commission when offering shares in the Corporation for sale to investors. Defendants also failed to file Form "D" Amendments as needed.

52.     Defendants also failed to file accurate and truthful tax returns with the U.S. Internal Revenue Service.

53.     Defendants have on several occasions disregarded the requirement of filing timely business permits with the local Lyon County, Nevada authorities. Only upon the threat of the revocation of PMMR's business license did Defendants act to make the required filings.

54.     Defendants' lack of Duty of Care also caused the USFS, on whose land the Corporation's main asset lies, and on whom it is dependent for its very existence, to threaten the Corporation with the cancellation of its bond and the reclamation of its one and only asset, rights to the mine.

55.     Defendants' further reckless actions and disrespect of their fiduciary duties has caused the USFS to send the Corporation a Notice of Non Compliance ("NONC") for violating the terms of its permissible activities.

56.     In a continuation of Defendants' utter disregard of their fiduciary duties, the USFS has noted that Defendants even failed to respond to the Notice of Non Compliance by the required deadline.

57.     As a result of the issuance of the NONC, a criminal and civil investigation has been commenced against the Corporation.

58.     In fact, upon verification with the USFS, Plaintiff's counsel has learned that the investigation into Defendants' actions for overstepping the Corporation's permitted activities is still ongoing and threatening the very existence of the Corporation.

59.     Defendant Mr. Minor additionally breached his fiduciary Duty of Loyalty with a pattern of lying to a plethora of owner shareholders and governmental officials and stating for almost 14 years that he "just signed," will "imminently sign," or will "soon sign" a large contract with China to sell the Corporation's product.  Practically every time Mr. Minor was pressed as to the performance of the Corporation he offered up the same lame excuse of an imminent sale to China.  When pressed for further details about the purported contract Mr. Minor always countered that the details are secret and cannot be divulged.

60.     Defendant, Mr. Minor went so far as to even offer up this same excuse in New York Supreme Court, Kings County in 2010 when answering a separate complaint brought by an individual investor.  (See Emil Gottesman v. Bill Minor, Index No. 41467/2010, Def'd Reply Affdv. ¶¶3,16, (Feb. 1, 2011, Civ. Ct. City N.Y., Co. Kings).  Obviously, there never was such a contract in the works.

61.     On June 14, 2012, Mr. Minor told owner shareholder Mr. Adler that he signed a contract with China for the sale of the Corporation's product.

62.     On or about April 12, 2012, Defendant assured owner shareholder Mr. Moses Wolf that he has a signed contract with China for the sale of Corporation's product.

63.     On or about April, 10, 2012, Mr. Keith Whaley, Bridgeport District Geologist, USFS, indicated to Plaintiff's counsel that he was led to believe by Mr. Minor that the reason PMMR filed a new Plan of Operations with the Forest Service in 2010 to exponentially expand its mining operations is because PMMR is expecting a large contract from China and it would need additional product to fulfill this contract. In fact, there is no such contract and there is no need for an expansion of the mine as there is plenty of available product to meet anticipated demand. Furthermore, but for a brief period of mining activity back in 2002 when 10%-15% of capacity was extracted, Mr. Minor has never moved to extract any of the remaining 85%-90% capacity still available in the mine.

64.     In fact, on May 5, 2008, Defendant went so far as to tell owner shareholder Mr. Wolf that he has the signed contract with China in hand and that he will travel to New York and show it to him the next day. Mr. Minor did not travel to New York at that time as he obviously had no contract to present. On May 7, 2008 Mr. Minor told Mr. Reidel that he has a signed contract with the Chinese giant Sinochem for 14 million tons of product over 10 years.

65.     In December 2008, when meeting with a group of shareholder investors and their former attorney in Brooklyn, Mr. Minor repeated the same myth that he is about to sign a large distribution contract with China.

66.     Defendants relied on this pattern of blatant lies in order to deflect greater scrutiny from their actions and/or lack thereof and the non-existent performance of the Corporation.

67.   Defendants' continued failure to prepare, as required, truthful and audited financial documents caused the Corporation great harm by eliminating any chance of further investments and negated any chance of obtaining necessary financial backing in the future.

**UNJUST ENRICHMENT**

68.   Defendants further breached their fiduciary duties to the Corporation and owner shareholders by unjustly enriching themselves at the expense of the Corporation and shareholders.

69.   While the Corporation is unable to show any meaningful sales over a period of 14 years, Defendants have enriched themselves by approving for themselves large compensation packages and fraudulently awarding unnecessary and large consulting fees to themselves and those close to them.

70.   Upon investigation and belief, Defendant, Mr. Minor arranged to pay for his son's flying school lessons from Corporation assets.

71.   With the sale of shares to investors, the Corporation netted approximately $15,000,000 - $20,000,000, none of these monies have ever been accounted for nor were they made available to the Corporation. In the best case scenario, Defendants' actions have led to a complete waste of Corporate assets. The failure to account for any of these funds continues to this very day.

**ABUSE OF CONTROL**

72.   Defendant, Mr. Minor abused his control of the Corporation by treating company assets as his personal ATM.

73.     Defendant, Mr. Minor further abused his control by transferring Corporate assets into his own name.

74.     From 2007 to 2010 Defendant Minor had title of at least one of the mine claims transferred from the Corporation into his own personal name.

75.     At various times over the years, Defendant transferred title rights in the claims between the Corporation and himself so as to suit his own needs.


## USURPATION OF CORPORATE OPPORTUNITIES

76.     Plaintiffs recently became aware that a certain company doing business as Wrightsville Fertilizer Company ("WFC") has been selling the Corporation's product, Orykta®.  While in theory such news would be welcomed, alas, sales to WFC don't seem to inure to the benefit of the Corporation.  There is no indication that the Corporation has benefited in any way from the sale of its product to WFC leading to the conclusion that Defendants have usurped the Corporation's opportunities and arranged the sales to WFC for their own personal benefit at the expense of the Corporation.


## ULTRA VIRES ACTIONS

77.     Defendants have further abused their positions by engaging in ultra vires actions. Defendants have issued substantial blocks of shares in the Corporation, along with significant options and rights, without seeking, or receiving, approval from shareholders.  These shares are in such quantities as to substantially dilute the value and control of other shareholders.

## DAMAGES

78.     As a direct and proximate result of Defendants' actions and/or lack thereof, the Corporation has been damaged and its assets have disappeared.  While damages exceed $75,000, the exact amount should be determined by the Court.

79.     As a direct and proximate result of Defendants' actions and/or lack thereof, the Corporation has lost its ability to attract further investments and/or funding.

80.     As a direct and proximate result of Defendants' actions and/or lack thereof, the Corporation is now under the shadow of a criminal and/or civil investigation by the USFS which may result in the Corporation losing its rights to mine on Forest Service land, effectively putting it out of business.

81.     Finally, as a direct and proximate result of Defendants' actions and/or lack thereof, the Plaintiffs, along with all other shareholders, have lost their substantial investments in the Corporation and their investments are no longer worth much.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

82.     Plaintiffs bring this action derivatively in the right and for the benefit of the Corporation to redress injuries suffered, and which may be further suffered, as a direct result of Defendants' actions and/or lack thereof resulting from breaches of their fiduciary duties, unjust enrichment, abuse of control, waste of corporate assets, usurpation of corporate opportunities and ultra vires actions. PMMR is named as a nominal Defendant solely in a derivative capacity.

83.     Plaintiffs will adequately and fairly represent the interests of the Corporation in enforcing and prosecuting its rights.

84.     Plaintiffs were shareholders of the Corporation at the time of the wrongdoings complained herein and have continuously been so.

85.     Aside from previous counsel's Demand Letter to Defendant/s, Plaintiffs have not made another pre-suit demand on the Board prior to pursuing this action, because such a demand would be futile and a wasteful act.

86.     The Board of PMMR currently is comprised of Defendants Mr. Minor and Mr. Reynolds. Defendant Mr. Marting was a member of the Board from 2008-2011 when many of the actions alleged herein took place.

## DEMAND IS FUTILE AS TO DEFENDANTS

87.     Defendant Minor, the controlling director of the Corporation, faces a substantial likelihood of liability for his longtime and continuing misconduct.

88.     Defendant Mr. Reynolds, a director of the Corporation, faces a substantial likelihood of liability for his longtime and continuing misconduct.

89.     Defendant Mr. Marting, a former director of the Corporation, faces a substantial likelihood of liability for his actions during his membership on the Board.

90.     If Defendants pursued these derivative claims on behalf of the Corporation, that would expose their own misconduct and egregious actions.  That in turn would impair their ability to faithfully defend the Corporation, render them fatally conflicted and unable to render a disinterested decision in whether to pursue claims on behalf of the Corporation.  Thus, demand on the Defendants would be futile.

91.     Additionally, Defendants are interested parties as they are the source of most, if not all, of the egregious actions and/or lack thereof, and face substantial likelihood of liability.  Therefore, they each suffer from a conflict of interest and cannot disinterestedly consider any demand.

## COUNT I

*Against Defendants for Breach of their Fiduciary Duties*

92.     Plaintiffs incorporate by reference and reallege each and every allegation enumerated in paragraphs 1 through 91 above, as though fully set forth herein.

93.     Defendants owed, and still owe, the Corporation and its shareholders fiduciary obligations.  By reason of their fiduciary relationship, Defendants owed, and continue to owe, the Corporation the highest obligation of good faith, fair dealing, loyalty, due care, reasonable inquiry, oversight and supervision.

94.     Defendants violated and breached their fiduciary duties by knowingly and recklessly lying to owner shareholders and government officials, not providing documents when requested, failing to prepare documents and records as required, not calling shareholder meetings, offering up fraudulent documents, making false claims in court and putting the health and well being of the Corporation at great risk.

95.     As a direct and proximate result of Defendants' failure to perform their fiduciary obligations, PMMR has suffered significant damages.  As a result of the direct misconduct enumerated herein, Defendants are liable to the Corporation.

96.     Plaintiffs, on behalf of the Corporation, have no other adequate remedy at law.

## COUNT II

*Against Defendants for Unjust Enrichment*

97.     Plaintiffs incorporate by reference and reallege each and every allegation enumerated in paragraphs 1 through 96 above, as though fully set forth herein.

98.     By their wrongful acts and/or lack thereof, Defendants have unjustly enriched themselves at the expense of, and to the detriment of, the Corporation.

99.     Defendants unjustly enriched themselves as a result of inflated and unjustified compensation packages and the transfer of assets and other benefits while breaching their fiduciary duties owed to the Corporation.

100.    Plaintiffs, as shareholders and representatives of the Corporation, seek restitution from Defendants and seek an order of this Court disgorging all profits, benefits and other compensation obtained by Defendants and their close associates from their wrongful conduct and fiduciary breaches.

101.    Plaintiffs, on behalf of the Corporation, have no other adequate remedy at law.


## COUNT III

*Against Defendants for Abuse of Control*

102.    Plaintiffs incorporate by reference and reallege each and every allegation enumerated in paragraphs 1 through 101 above, as though fully set forth herein.

103.    By his wrongful acts and/or lack thereof, Defendant Minor has wrongfully abused his control of the Corporation.

104.    By wrongfully abusing his control of the Corporation, Mr. Minor caused harm to the Corporation.

105.    Plaintiffs, as shareholders and representatives of the corporation, seek restitution from Defendant and seek an order of this Court granting in the Corporation rights, titles and ownership to all assets unjustly transferred away from the Corporation.

106.    Plaintiffs, on behalf of the Corporation, have no other adequate remedy at law.

## COUNT IV

### *Against Defendants for Usurpation of Corporate Opportunities*

107.    Plaintiffs incorporate by reference and reallege each and every allegation enumerated in paragraphs 1 through 106 above, as though fully set forth herein.

108.    By their wrongful acts and/or lack thereof, Defendants have wrongfully usurped corporate opportunities at the expense of the Corporation.

109.    Defendants were unjustly enriched at the expense of the Corporation while usurping corporate opportunities.

110.    Plaintiffs, as shareholders and representatives of the Corporation, seek restitution from Defendants for PMMR's lost opportunities and an order of this Court barring Defendants from further usurping the Corporation's opportunities.

111.    Plaintiffs, on behalf of the Corporation, have no other adequate remedy at law.

## COUNT V

### *Against Defendants for Ultra Vires Actions*

112.    Plaintiffs incorporate by reference and reallege each and every allegation enumerated in paragraphs 1 through 111 above, as though fully set forth herein.

113.    By their wrongful acts, Defendants have engaged in actions not warranted by the Corporation's By-laws or Articles of Incorporation, to the detriment of the Corporation.

114.    Defendants unlawfully issued and gave away large blocks of shares in the Corporation including options and other rights, without seeking, or receiving, proper shareholder approval.

115.    Plaintiffs, as shareholders and representatives of the Corporation, seek review by this Court of the shares, options and rights granted without proper shareholder approval.

116.    Plaintiffs, on behalf of the Corporation, have no other adequate remedy at law.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

A.      Against Defendants for the amount of damages sustained by the Corporation as a result of Defendants' breaches of fiduciary duties, unjust enrichment, abuse of control, usurpation of corporate opportunities, waste of corporate assets and ultra vires actions;

B.      Directing PMMR and Defendants to provide Plaintiffs a full accounting of all monies and funds collected from shareholders;

C.      Directing PMMR and Defendants to provide Plaintiffs with a full accounting of all sales and proceeds of the Corporation's product;

D.      Directing PMMR and Defendants to provide Plaintiffs with documents and information as to the location of all Corporate assets;

E.      Ordering Defendants to disgorge all profits, benefits and other compensation obtained by themselves, their close relatives and associates from the date of incorporation of the Corporation to the present and to transfer all such benefits back to the Corporation;

F.      Ordering Defendants to step-aside as directors, officers or employees of the Corporation, to cede all control in the Corporation and barring them from representing the Corporation in any manner;

G.      Granting temporary oversight control of the Corporation to a group of owner shareholders as appointed by Plaintiffs in consultation with Plaintiff's counsel and this Court;

H.      Awarding Plaintiffs, or other owner shareholders the cost of their disbursements in furthering this action, the costs and disbursements of this action, including reasonable attorney's fees, accountant and expert fees, costs and other expenses to the extent provided for by law; and

I.      Granting such other and further relief which may be necessary for the rehabilitation of the Corporation and which the Court deems just and proper.


Dated: December 28, 2012

                                        **APPEL LAW FIRM PLLC**
                                        CHAIM Z. APPEL
                                        40 Wall Street, 28th Floor
                                        New York, NY 10005
                                        Telephone: (212) 252-2045
                                        Fax: (718) 972-3371
                                        e-mail: CAppel@CustomsAndLaw.com

                                        _____
                                        Chaim Z. Appel, Esq.
                                        *Attorney for Plaintiffs*

## VERIFICATION

I, Joseph Weinfeld, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: _____                    _____
                                                  Joseph Weinfeld

## VERIFICATION

I, Liana Knijnikova, hereby verify that I am a shareholder of Precious Minerals Mining And

Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue

this action in the hope of improving the Corporation and recovering damages for the Corporation

caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified

Shareholder's Derivative Complaint and to those allegations as to which I have personal

knowledge I believe those allegations to be true.  As to those allegations of which I do not have

personal knowledge, I rely upon my counsel and further investigation and believe them to be

true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.


Date: _Nov 3 2012_            _____
                                          Liana Knijnikova

## VERIFICATION

I, Isaac Weiss, hereby verify that I am a shareholder of Precious Minerals Mining And Refining

Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action

in the hope of improving the Corporation and recovering damages for the Corporation caused by

the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's

Derivative Complaint and to those allegations as to which I have personal knowledge I believe

those allegations to be true.  As to those allegations of which I do not have personal knowledge, I

rely upon my counsel and further investigation and believe them to be true.  Having received a

copy of this Complaint, having reviewed it, I hereby authorize its filing.


Date: _____          _____
                                   Isaac Weiss

## VERIFICATION

I, Robert Frank, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct. I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true. Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: _NOV 2, 12_

_Robert Frank_
Robert Frank

## <u>VERIFICATION</u>

I, Yehudah Nussbaum, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: Nov. 4 '12

Yehudah Nussbaum

## **VERIFICATION**

I, Moses Steinmetz, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: _____11/4/12_____                        _____
                                                 Moses Steinmetz

## VERIFICATION

I, Andre Neufeld, acting as proxy for Hannah Cohen, hereby verify that Hannah Cohen is a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and as proxy for Hannah Cohen, I am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: 12/15/12

_Andre Neufeld_
Andre Neufeld as Proxy for Hannah Cohen

## VERIFICATION

I, Carl Isaac, hereby verify that I am a shareholder of Precious Minerals Mining And Refining

Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action

in the hope of improving the Corporation and recovering damages for the Corporation caused by

the Defendants' misconduct.   I have reviewed the allegations made in this Verified Shareholder's

Derivative Complaint and to those allegations as to which I have personal knowledge I believe

those allegations to be true.   As to those allegations of which I do not have personal knowledge, I

rely upon my counsel and further investigation and believe them to be true.   Having received a

copy of this Complaint, having reviewed it, I hereby authorize its filing.


Date: ___11/4/12___                              ___Carl Isaac___
                                                 Carl Isaac

## VERIFICATION

I, Albert Isaac, hereby verify that I am a shareholder of Precious Minerals Mining And Refining

Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action

in the hope of improving the Corporation and recovering damages for the Corporation caused by

the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's

Derivative Complaint and to those allegations as to which I have personal knowledge I believe

those allegations to be true.  As to those allegations of which I do not have personal knowledge, I

rely upon my counsel and further investigation and believe them to be true.  Having received a

copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: _Nov 4, 2012_            _Albert Isaac_
                                              Albert Isaac

## VERIFICATION

I, Gerald B. Katz, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: 11/4/12

Gerald B. Katz

## VERIFICATION

I, Solomon Schlafrig, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: 11/4/12

Solomon Schlafrig

## VERIFICATION

I, Josef Kohn, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: _Nov 3 -R_

_____
Josef Kohn

## VERIFICATION

I, Jacob Kellner, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: 11/3/12

_____
Jacob Kellner

## **VERIFICATION**

I, David Goldstein, hereby verify that I am a shareholder of Precious Minerals Mining

And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and

able to pursue this action in the hope of improving the Corporation and recovering

damages for the Corporation caused by the Defendants' misconduct.  I have reviewed

the allegations made in this Verified Shareholder's Derivative Complaint and to those

allegations as to which I have personal knowledge I believe those allegations to be true.

As to those allegations of which I do not have personal knowledge, I rely upon my

counsel and further investigation and believe them to be true. Having received a copy of

this Complaint, having reviewed it, I hereby authorize its filing.


Date: _Nov 3, 2012_                            _____

                                                David Goldstein

## VERIFICATION

I, Michael Friedman, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct. I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true. Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date: _10/2/12_

_____
Michael Friedman

## VERIFICATION

I, David Schwartz, hereby verify that I am a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), and am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.  I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.  As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.  Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.


Date: _____          _____
                                 David Schwartz

## **VERIFICATION**

I, Esther Friedman, an officer of Congregation Beth Joseph ("Congregation"), hereby verify that the Congregation is a shareholder of Precious Minerals Mining And Refining Corporation ("PMMR") (the "Corporation"), that I have legal authority to act on the Congregation's behalf with regard to filing this Complaint, and I am ready, willing and able to pursue this action in the hope of improving the Corporation and recovering damages for the Corporation caused by the Defendants' misconduct.   I have reviewed the allegations made in this Verified Shareholder's Derivative Complaint and to those allegations as to which I have personal knowledge I believe those allegations to be true.   As to those allegations of which I do not have personal knowledge, I rely upon my counsel and further investigation and believe them to be true.   Having received a copy of this Complaint, having reviewed it, I hereby authorize its filing.

Date:   _Nov 2-12_

_Esther Friedman_
Esther Friedman
for Congregation Beth Joseph